**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4798-16T3

IN THE MATTER OF THE DENIAL
OF M.G.'S APPLICATION
FOR A FIREARMS PURCHASER
IDENTIFICATION CARD (FPIC) AND
HANDGUN PURCHASE PERMIT (HPP).

_____

Submitted April 10, 2018 — June 18, 2018

Before Judges Fisher and Moynihan.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County.

Evan F. Nappen, attorney for appellant M.G.
(Cheryl L. Hammel, on the brief).

Dennis Calo, Acting Bergen County Prosecutor,
attorney for respondent State of New Jersey
(Justin M. Blasi, Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

Appellant M.G.[1] appeals from the Law Division judge's denial

of his application for a firearms purchaser identification card

and two handgun purchase permits.  He argues:

_____

[1] Although appellant's filings, including his notice of appeal,
amended notice of appeal, court transcript request, criminal case

<u>POINT I</u>

THE LODI POLICE CHIEF ERRED *AB INITIO* BY FAILING TO CONFERENCE WITH THE APPLICANT PRIOR TO DENYING HIM.

<u>POINT II</u>

THE COURT BELOW ERRED BY BASING ITS DECISION UPON HEARSAY CONTRARY TO <u>WESTON</u>,[2] <u>DUBOV</u>[3] AND <u>ONE MARLIN RIFLE</u>.[4]

<u>POINT III</u>

APPELLANT IS NOT A THREAT TO THE PUBLIC HEALTH, SAFETY, OR WELFARE.

<u>POINT IV</u>

APPELLANT SHOULD NOT BE DENIED HIS FUNDAMENTAL, INDIVIDUAL, CONSTITUTIONAL RIGHT TO KEEP ARMS FOR A REASON THAT DOES NOT RISE ABOVE RATIONAL BASIS, IS VAGUE AND/OR OVERBROAD, CONSTITUTES AN UNCONSTITUTIONAL BALANCING-TEST, AND DOES NOT PROVIDE A DUE PROCESS FORM OF REDRESS.

A.   THE COURT BELOW ERRED BY NOT BASING ITS FINDING UPON A LONGSTANDING PROHIBITION ON THE POSSESSION OF FIREARMS, AND BY APPLYING MERE

---

information statement, merits brief, and all documents comprising the record contain his full name, we use his initials — notwithstanding that his request for such action was not by motion but only a point in his merits brief, which was opposed by the State — because of the references to his juvenile and mental health history.

[2] <u>Weston v. State</u>, 60 N.J. 36 (1972).

[3] <u>In re Dubov</u>, 410 N.J. Super. 190 (App. Div. 2009).

[4] <u>State v. One Marlin Rifle</u>, 319 N.J. Super. 359 (App. Div. 1999).

A-4798-16T3

RATIONAL BASIS REVIEW TO DENY APPELLANT HIS INDIVIDUAL, FUNDAMENTAL RIGHT.

B.    "IN THE INTEREST OF PUBLIC HEALTH, SAFETY OR WELFARE" IS UNCONSTITUTIONALLY VAGUE OR OVERBROAD.

C.    "IN THE INTEREST OF PUBLIC HEALTH, SAFETY OR WELFARE" PROVIDES UNCONSTITUTIONAL DUE PROCESS NOTICE AND PROVIDES NO DUE PROCESS FORM OF REDRESS.

D.    "IN THE INTEREST OF PUBLIC HEALTH, SAFETY OR WELFARE" DOES NOT PASS HEIGHTENED SCRUTINY GENERALLY AND AS APPLIED BELOW AS IT CONSTITUTES A MERE UNCONSTITUTIONAL INTEREST-BALANCING TEST.

POINT V

IT IS RESPECTFULLY REQUESTED THAT THIS MATTER REFERENCE APPELLANT BY HIS INITIALS.

Unpersuaded by any of the foregoing, we affirm.

We find no merit in M.G.'s contention that he was denied due process because the police chief did not meet with him before denying his application. M.G. relies on our Supreme Court's holding in Weston v. State, 60 N.J. 36, 43-44 (1972), that a denied applicant should have an opportunity to discuss the reasons for denial with the chief of police "and to offer any pertinent explanation or information for the purpose of meeting the objections being raised." We note, however, that in the letter denying his application, the Lodi Chief of Police informed M.G. of the reason for denial and invited him to contact the Chief's

office "directly" if he had "any questions or concerns." M.G. does not contend he was rebuffed in an effort to accept the Chief's invitation.

We also note M.G., in the portion of Weston cited in his merits brief, omitted the Court's recognition that the de novo hearing afforded a denied applicant "contemplates introduction of relevant and material testimony and the application of an independent judgment to the testimony by the reviewing court," which review "compensates constitutionally for procedural deficiencies before the administrative official" — here, the Chief. Id. at 45-46. Further, we have recognized the futility of a remand for a chief's conference even when there was a complete failure to comply with Weston's mandate, the applicant was eventually informed of the reasons for the denial and there was no likelihood of an informal resolution. In re Dubov, 410 N.J. Super. 190, 200 n.2 (App. Div. 2009). A remand for a chief's conference would be similarly futile here.

In denying M.G.'s appeal pursuant to N.J.S.A. 2C:58-3(c)(5),[5] the judge concluded, "based upon the facts and the circumstances, the testimony and the exhibits in evidence," the issuance of the

---

[5] N.J.S.A. 2C:58-3(c)(5), provides in part: "No handgun purchase permit or firearms purchaser identification card shall be issued . . . [t]o any person where the issuance would not be in the interest of the public health, safety or welfare."

permits would not be in the interest of the public health, safety or welfare. We are bound to accept the trial court's fact findings if they are supported by substantial credible evidence, In re Return of Weapons to J.W.D., 149 N.J. 108, 116-17 (1997), but we exercise de novo review over the trial court's legal determinations, Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). "Deference to a trial court's fact-finding is especially appropriate when the evidence is largely testimonial and involves questions of credibility." J.W.D., 149 N.J. at 117.

Contrary to M.G.'s contentions, we are satisfied the judge's findings were not solely based on hearsay evidence. The evidence upon which a final administrative agency decision is reached may include hearsay evidence, provided the agency's finding are not entirely based upon hearsay evidence. Weston, 60 N.J. at 50-52. Evidence that ordinarily would be excludable as hearsay may be admissible in a gun permit hearing if it is "of a credible character -- of the type which responsible persons are accustomed to rely upon in the conduct of their serious affairs." Id. at 51; see also Dubov, 410 N.J. Super. at 202.

For a court to sustain an administrative decision, findings must be supported by a residuum of legally competent evidence. Weston, 60 N.J. at 51; see also In re Toth, 175 N.J. Super. 254,

262 (App. Div. 1980). "The residuum rule does not require that each fact be based on a residuum of legally competent evidence but rather focuses on the ultimate finding or findings of material fact." Ruroede v. Borough of Hasbrouck Heights, 214 N.J. 338, 359 (2013). We briefly review the evidence the judge considered.

Lodi Police Department Lieutenant Robert Salerno — who was assigned to perform a background investigation in connection with M.G.'s applications — obtained M.G.'s consent for a mental health record search, pursuant to which he received Bergen Regional Medical Center's (Bergen) records showing M.G.'s hospital admission.[6] The judge credited an entry that M.G. told hospital personnel he tried to place an electrical appliance in a bath in order to electrocute himself and "notes in the medical records regarding [M.G.'s] behavior since a young age and with respect to having anger tantrums and issues with school and the changing of school and with his parents."

In his application, M.G. denied being "confined or committed to a mental institution or hospital for treatment or observation of a mental or psychiatric condition on a temporary, interim, or permanent basis," and being "attended, treated or observed by any

---

[6] The parties failed to include the Bergen records in the appendix although they were admitted in evidence by the judge.

doctor or psychiatrist or at any hospital or mental institution on an inpatient or outpatient basis for any mental or psychiatric condition."[7] M.G. did testify, however, that he reviewed the records, and did not dispute that he went to Bergen on December 29, 2004. He variably said he did not remember: "having suicidal thoughts"; saying that he was going to put an electrical appliance in the bathtub and electrocute himself; or going to the hospital. He did, however, remember: being placed in an ambulance; being given asthma treatment; and telling "them when they got there [that he didn't] want to take [his asthma medication]" because he did not like the way it made him feel. But he denied "the substance of [the] records" regarding the suicidal ideation.

The judge found a "number of incidents" with M.G.'s mother "dating back to 2007 and 2008 arguments over the car, and alleged road rage incidents in 2010, 2011 and 2012." Those incidents were uncovered by Salerno during his investigation after he ran M.G.'s name through several databases. Several interactions with the Lodi police were also revealed. M.G., during his testimony, acknowledged the run-ins with his mother but attributed them, not to road rage, but to disagreements, admitting he was "very, very,

_____

[7] Those questions are set forth in sections 24 and 26 of the "Application for Firearms Purchaser Identification Card and/or Handgun Purchase Permit."

very, very like rude" when he was younger and that he "didn't really respect [his] parents." He also verified various disputes with a neighbor who, according to M.G., said M.G. "cut him off" while driving.

The judge also added his courtroom observations of M.G. — "visibly emotional and . . . shaking."

Despite hearing M.G.'s version of the various incidents, the judge found that M.G. was taken to Bergen on December 29, 2004, because he was expressing suicidal ideation, and that M.G. was a part of a number of police-involved disputes, presenting a sufficient basis to conclude the issuance of the permits was impermissible under N.J.S.A. 2C:58-3(c)(5). The receipt of the Bergen records by Salerno pursuant to M.G.'s consent, and M.G.'s own testimony, sufficiently authenticated the records.[8] The judge disbelieved M.G.'s testimony disputing "the truthfulness or the accuracy of the information contained in the Bergen . . . reports that he expressed suicidal ideation or expressed a . . . desire to harm himself by electrocution," and found "a clear history of treatment for a mental health episode, a very serious one at that, at Bergen . . . in December of 2004." Salerno's testimony about

---

[8] "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter is what its proponent claims." See N.J.R.E. 901.

his findings from the databases, and M.G.'s testimony, was competent evidence. The judge's decision, therefore, did not rest entirely on hearsay; the testimony of both witnesses, the records, as well as the judge's observation of M.G., presented a sufficient residuum of legal and competent evidence to support the judge's determination that the issuance of the permits would not be in the interest of the public health, safety or welfare.

M.G.'s constitutional arguments were not raised to the Law Division judge. We therefore decline to consider them. State v. Robinson, 200 N.J. 1, 20 (2009). Even considered, we find them meritless, noting our prior discussion in In re Winston, 438 N.J. Super. 1, 10 (App. Div. 2014). See also In re Forfeiture of Pers. Weapons & Firearms Identification Card belonging to F.M., 225 N.J. 487, 506-08 (2016).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4798-16T3